IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Dewayne K. Hill, Sr.,<br>　　Plaintiff, | )<br>)<br>) |
| v. | ) 　1:10cv890 (LO/TRJ) |
| | ) |
| Ms. Mickelson,<br>　　Defendant. | )<br>) |

## MEMORANDUM OPINION

Dewayne K. Hill, Sr., a Virginia inmate proceeding pro se, filed this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated when he was served and unknowingly consumed a meal that violated the tenets of his faith. Defendant Ms. Mickelson filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Hill was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), but has not filed a response. For the reasons that follow, defendant's Motion for Summary Judgment will be granted.

### I. Background

Hill is an inmate at Sussex II State Prison ("Sussex II") in Waverly, Virginia. See Compl. at 1, ECF No. 1. Hill argues that his constitutional and statutory rights were violated on August 19, 2009 when he was served a meal in his cell that contained pork sausages without being notified of the contents of the food, which he subsequently consumed. Id. at 6. Hill is Muslim and he explains that his beliefs prohibit the consumption of pork. He states that he has suffered "stress, humiliation, anxiety, [and] mental anguish" as a result of this experience. Id. Hill filed an informal complaint, grievance, and appeal about this issue, and his allegations were determined to be founded. See Compl. at 11-16, ECF No. 1 ("An investigation into your claims

1

revealed that the facility acknowledged the failure to properly notify you relative to the menu selection.").

Hill names Linda Mickelson as the sole defendant, and asks for monetary damages as well as injunctive relief.[1] Mickelson is employed by Compass Group USA, Inc. d/b/a Canteen Correctional Services ("Canteen"), which is a private corporation that was hired by the Virginia Department of Corrections ("VDOC") to provide food services on its behalf. See Mickelson Aff. at 1, ECF No. 17. Mickelson has been the Food Service Director for Canteen's operations at the Sussex II State Prison since around August 25, 2009. Id. In this supervisory role, she is not personally involved in the actual preparation or service of inmate meals. Id. at 1-2. Moreover, VDOC maintains strict control over Canteen's operations and is "the final authority with respect to all services provided in the prison environment and dictates the manner, method and means by which Canteen fulfills its contractual obligations." Id. at 2.

VDOC requires some Sussex II inmates to consume their meals in their cells due to security concerns and capacity restraints. Id. at 3. Canteen is not permitted to serve these inmates, but instead must "place the meals for those inmates on thermal trays that have a cover and store them on a cart for transportation and distribution by VDOC correctional officers and/or inmate servers." Id. at 4. Under this arrangement, Canteen "neither participates in nor retains control over the transportation of the carts or the distribution of the meal trays" after the carts leave the kitchen. Id.

At the time in question, VDOC required Canteen to post a signs on the carts used to transport the meals any time pork was included as part of a meal. The VDOC correctional officers and/or inmate servers who distributed the meals also verbally informed the inmates that

---

[1] Defendant Mickelson states that Hill "attempts (but fails) to state a claim against Mickelson, among others..." See Mot. to Dismiss at 1, ECF No. 16. Based on Hill's original complaint, it is clear that the only defendant that Hill names is Ms. Mickelson. See Compl. at 1-2, ECF No. 1.

pork was included in a meal. Alternative non-pork items were also available. Now, pork is no longer served as part of any meals for inmates at Sussex II. Id. at 4.

## II. Standard of Review

In reviewing the Motion for Summary Judgment by a defendant, courts must view the facts in the light most favorable to the party opposing the motion. Porter v. U.S. Alumoweld Co., 125 F.3d 243, 245 (4th Cir. 1997). Summary judgment is appropriate where "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A "genuine" issue of material fact is present "if the evidence is such that a reasonable jury could . . . return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "When a motion for summary judgment is made and supported . . . [by affidavits], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Unsubstantiated, conclusory claims without evidentiary support are insufficient to satisfy a non-moving party's burden on summary judgment. Carter v. Ball, 33 F.3d 450, 461-62 (4th Cir. 1994); Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988).

## III. Analysis

District courts have a duty to construe pleadings by pro se litigants liberally, however, a pro se plaintiff must nevertheless allege a cause of action. Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). To state a cause of action under § 1983, a plaintiff must allege facts indicating plaintiff was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). Thus, each named defendant must have

3

had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against her.

Here, Hill has not stated a claim against defendant Mickelson because the facts underlying his complaint occurred on August 19, 2009, and Mickelson did not assume her role as Food Services Director at Sussex II until August 25, 2009. See Compl. at 6, ECF No. 1; Mickelson Aff. at 1, ECF No. 17. In the Motion for Summary Judgment, Mickelson stated that she was not Food Services Director at Sussex II on August 19, 2009, and Hill did not dispute this fact even though he was given the opportunity to file a reply. Hill has therefore failed to allege sufficient facts to demonstrate that Mickelson had personal knowledge of and involvement in the alleged violations of Hill's rights.[2]

### III. Conclusion

For the foregoing reasons, Mickelson's Motion for Summary Judgment will be granted.[3] An appropriate Order and judgment shall issue.

Entered this 13th day of Aug 2011.

/s/ LOG
Liam O'Grady
United States District Judge

Alexandria, Virginia

---

[2] Notably, Hill has also failed to demonstrate that his rights under the First Amendment, Eighth Amendment, or Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2200cc et seq., were violated because it is clear that VDOC's policy allows inmates to replace meal items containing pork with alternative meal items that do not contain pork. See Mickelson Aff. at 4, ECF No. 17. The failure to inform Hill on this single instance that his meal contained pork does not rise to the level of a constitutional claim or a claim under RLUIPA.

[3] Because defendant prevails on the merits, the Court declines to address any issues of qualified immunity. See Wilson v. Layne, 526 U.S. 603, 609 (1999) (establishing two-prong qualified immunity test, where courts must first determine whether the plaintiff alleged an actual constitutional deprivation).